IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joy Hodge, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  1:21-cv-2618 |
| ) | |
| Halsted Financial Services, LLC, an ) | |
| Illinois limited liability company and ) | |
| Security Credit Services, LLC, a ) | |
| Mississippi limited liability company, ) | |
| ) | |
| Defendants. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Joy Hodge, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendants' business dealings here make them subject to this Court's general and specific jurisdiction.

2. Venue is proper in this District because: a) part of the acts and transactions emanated here; and, b) Defendant Halsted resides here, and both Defendants transact business here.

**PARTIES**

3. Plaintiff, Joy Hodge ("Hodge"), is a citizen of the State of Tennessee, from whom Defendants attempted to collect a defaulted consumer debt that she allegedly owed for a Smartpay Leasing account, despite the fact that she had exercised her rights

to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

    4.    Defendant, Halsted Financial Services, LLC ("Halsted"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. From its offices in Skokie, Illinois, Defendant Halsted operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state. In fact, Defendant Halsted was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

    5.    Defendant, Security Credit Services, LLC, ("Security"), is a Mississippi limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Security operates a nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in many states, including consumers in the State of Illinois. In fact, Defendant Security was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt Defendants attempted to collect from Plaintiff.

    6.    Defendant Security is a bad debt buyer that obtains/buys portfolios of defaulted consumer debts for pennies on the dollar. Defendant Security's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by

others.

7.  Defendants Halsted and Security are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois.

## FACTUAL ALLEGATIONS

8.  Ms. Hodge is a disabled woman with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Smartpay Leasing. At some point in time after this debt went into default, Defendant Security allegedly bought Ms. Hodge's Smartpay Leasing account, and Defendants then began trying to collect it from her by having Defendant Halsted send Ms. Hodge a collection letter/e-mail, dated February 7, 2021. A copy of this collection letter/e-mail is attached as Exhibit B. Ms. Hodge then sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendants' collection actions.

9.  Accordingly, on February 24, 2021, one of Ms. Hodge's legal aid attorneys at LASPD informed Defendants that Ms. Hodge was represented by counsel, and directed them to cease contacting her, and to cease all further collection activities, because Ms. Hodge was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this e-mail letter is attached as Exhibit C.

10. This email was sent to the email address designated by Defendants for such notices and was not returned as undeliverable.

11. Nonetheless, Defendants then sent Ms. Hodge another collection letter/e-mail, dated March 6, 2021, demanding payment of the Smartpay Leasing debt. A copy

of this letter/e-mail is attached as Exhibit D.

12. Accordingly on April 2, 2021, Ms. Hodge's LASPD attorney had to send Defendants yet another letter/e-mail, again directing them to cease communications and cease collections. A copy of this letter and e-mail confirmation are attached as Exhibit E.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## ARTICLE III STANDING

15. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

16. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the

4

consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

17. Ms. Hodge had been informed by counsel and believed that she had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant's collection communications made her believe that her demands had been futile and that she did not have the rights that Congress had granted her under the FDCPA. Defendants' collection actions resulted in a direct invasion of Ms. Hodge's legally-protected right to be left alone and her right to privacy – rights granted to consumers under § 1692c of the FDCPA. Moreover, Ms. Hodge had to go to the trouble and expense of having her counsel at LASPD send yet another letter to Defendants to tell them to leave her alone, see, Exhibit E.

18. Ms. Hodge had been informed by counsel that she had a right to be represented by counsel as to her debt. Defendants' collection communications made her believe that she did not have the right to be represented by counsel as to her debt that Congress had granted her under the FDCPA. Defendants' collection actions resulted in a direct invasion of Ms. Hodge's legally-protected right to be represented by counsel – a right granted to consumers under § 1692c of the FDCPA.

19. Defendants' actions caused Plaintiff to question whether her counsel had done its job, whether she could refuse to pay the debt, whether she had the right to be left alone and whether she could be represented by counsel– all of which upset, distressed and alarmed Ms. Hodge.

5

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

22. Here, the letters from Plaintiff's attorneys to Defendants told Defendants to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

23. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

26. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debts because her attorneys had given

6

notice in writing, to Defendants, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

27. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Joy Hodge, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hodge and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Joy Hodge, demands trial by jury.

Joy Hodge,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: May 14, 2021

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com